IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:03-CR-1-BO
NO. 2:11-CV-72-BO

| | |
|---|---|
| JARVIS LEE BRYANT, )<br>         Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>         Respondent. ) | O R D E R |

This matter is before the Court on the government's Motion for Reconsideration [DE 34]. Petitioner has responded [DE 36], and the matter is ripe for review. For the reasons discussed below, the government's motion is granted.

## BACKGROUND

On April 2, 2012, the Court granted Petitioner's, Mr. Bryant, Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, finding that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), Mr. Bryant no longer had sufficient predicate convictions to qualify for the armed career criminal enhancement under 18 U.S.C. § 924(e). The government now asks that the Court reconsider its holding, arguing for the first time that this Court lacked jurisdiction to consider Mr. Bryant's motion and that such a finding runs directly contrary to Fourth Circuit precedent found in *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010).

## DISCUSSION

As noted by the Court in its order, Mr. Bryant filed an earlier petition attacking his conviction and sentence under 28 U.S.C. § 2255 based on claims of prosecutorial misconduct and ineffective assistance of counsel. That petition was dismissed on the merits by order entered

on the docket on March 29, 2005. The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2).

While "it is settled law that not every numerically second [§ 2255 petition] is 'second or successive' within the meaning of the [Antiterrorism and Effective Death Penalty Act of 1996]," *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006), second petitions challenging the same conviction and sentence based on a subsequent change in substantive law are deemed to be successive and require authorization from the court of appeals in order to be filed. 28 U.S.C. § 2255(h); *Magwood v. Patterson*, ___ U.S. ___; 130 S.Ct. 2788, 2796 (2010); *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (a Rule 60(b) motion based on a change in substantive law is in substance a second or successive habeas proceeding and should be so treated); *Gilbert v. United States*, 640 F.3d 1293, 1295 (11th Cir. 2011) *cert. denied*, 132 S. Ct. 1001 (2012) (petitioner who claims his career offender enhancement is invalid in light of subsequently decided authority may not raise the issue in a second § 2255 petition filed with the district court as such a petition is barred by § 2255(h)). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).[1]

---

[1] Because the Court finds that it is without jurisdiction to consider Mr. Bryant's claim, it declines to consider the government's *Pettiford* argument.

2

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El* v. *Cockrell,* 537 U.S. 322, 336-38 (2003); *Slack* v. *McDaniel,* 529 U.S. 473, 484 (2000); *Rose* v. *Lee,* 252 F.3d 676, 683-84 (4th Cir. 2001).

After reviewing the claims presented in light of the applicable standard, the Court finds that a certificate of appealability is warranted. As the Court has found that Petitioner is entitled to relief but that it lacks jurisdiction to consider his claim, the Court finds that reasonable jurists would find debatable the dispositive procedural ruling dismissing his claims. Additionally, given the uncertainty of the law at this time with respect to the retroactivity of the holdings in *Carachuri-Rosendo v. Holder,* ___ U.S. ___, 130 S.Ct. 2577 (2010) and *United States v. Simmons,* the Court finds that jurists of reason could debate the propriety of the Court's dismissal of the petition as second or successive. As the requirements have been established, the Court finds that a certificate of appealability shall issue.

A certificate of appealability must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(3). Because Petitioner has made a sufficient showing that his claim should proceed further, a certificate of appealability is hereby authorized as to a review of the preliminary procedural question of the second or successive bar to Petitioner's

claim.

## CONCLUSION

Accordingly, as this Court is without jurisdiction to consider Petitioner's claims, the government's Motion to Reconsider is GRANTED and Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 is DISMISSED WITHOUT PREJUDICE. A certificate of appealability is GRANTED as to a review of the preliminary procedural question of the finding that the petition is second or successive.


SO ORDERED, this _15_ day of June, 2012.

                                                  TERRENCE W. BOYLE
                                                UNITED STATES DISTRICT JUDGE